UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

CHRISTOPHER A. SHOLLY,

    Plaintiff,

v.                                                                    Case No.: _____

MASTER INSULATION, INC.,

    Defendant.

_____/

## INITIAL COMPLAINT

COMES NOW the plaintiff, Christopher A. Sholly, by and through his undersigned counsel, and hereby files this Initial Complaint against defendant, Master Insulation, Inc., and alleges:

### *I. Jurisdiction and Venue*

1.    This Court has jurisdiction of this cause pursuant to 28 U.S.C. § 1331 insofar as claims arise under the Fair Labor Standards Act (FLSA). This Court also has supplemental/pendent jurisdiction over plaintiff's state law claims.

2.    Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391(b) and (c) because the claims arose in this district; defendant has an office and conducts business in this district; plaintiff was employed, paid, and worked in this district; all causes of action accrued in this district; and defendant is subject to personal jurisdiction in this district.

## II. Parties

3. Plaintiff is a former employee of defendant. During his employment with defendant, plaintiff was required to travel to various job sites. At all pertinent times hereto, however, plaintiff was based out of defendant's facilities located at 87 Camelia Drive, Pensacola, Florida 32505.

4. At all times relevant hereto, defendant has had gross revenues exceeding $500,000 per year. Upon information and belief, defendant has also employed two or more persons engaged in interstate or foreign commerce and/or engaged in handling and working on goods and materials that have moved in interstate or foreign commerce.

5. Defendant is an employer which is subject to, and not exempt from, the provisions of the FLSA.

## III. Factual Allegations

6. Defendant is engaged in the business of installing insulation in industrial, commercial, and other facilities as well as related construction activities in and around Escambia County, Florida.

7. Plaintiff's employment with defendant began in or around mid-April, 2015. Throughout his employment, plaintiff was to be compensated on an hourly basis.

8. Plaintiff was employed by defendant to install insulation and perform other related construction activities. Moreover, at all times in his employment the primary function of his job was to perform physical labor.

9. Plaintiff was not employed in a bona fide executive, administrative, or professional capacity, or in the capacity of an outside salesperson.

10. At no point in his employment did plaintiff supervise a crew of two or more people.

11. Throughout his employment with defendant, plaintiff was entitled to, and not exempt from, the protections and provisions of the FLSA.

12. As part of his employment, plaintiff was required to be at defendant's premises at the beginning of the workday in order to gather and load materials onto trucks, perform other tasks related to the work to be performed that day, and then proceed to his designated work site.

13. Additionally, at the end of workdays plaintiff was required to return to defendant's premises, unload materials which had not been used that day, unload any delivery trucks which were present on site, and perform other work.

14. Despite being required to perform work at defendant's premises prior to arriving at and after departing designated work sites, defendant only compensated plaintiff for the time he actually spent at designated work sites.

15. That is, defendant did not pay plaintiff for the time he spent on defendant's premises loading vehicles and performing other work prior to departing to the job sites, traveling to and from job sites, and unloading trucks and performing other work at defendant's premises at the end of the workdays.

16. Because defendant did not consider the time plaintiff spent at defendant's premises or traveling to and from job sites as compensable time, defendant failed to pay plaintiff all of the overtime wages he was due when his workweek exceeded 40 hours.

17. Moreover, even when defendant did pay plaintiff overtime wages it did not compensate him at the rate of one and one-half times his normal hourly rate for the

hours he worked in a workweek in excess of 40.

18. As a result of these pay practices by defendant, plaintiff complained and objected to defendant about these pay practices and the fact that he was not being properly paid for the hours which he was actually working.

19. Defendant terminated plaintiff's employment on or about June 25, 2015.

### IV.  Count I -- Violation of the Fair Labor Standards Act (Minimum Wage)

20. Plaintiff realleges and incorporates herein paragraphs 1 through 15, and 19, above.

21. By failing to pay plaintiff for all hours which he worked, defendant paid plaintiff less than the minimum wages to which he was entitled under the FLSA.

22. Throughout plaintiff's employment with defendant, defendant was fully aware of the FLSA and the obligations imposed by it.

23. Nevertheless, defendant willfully and intentionally failed and refused to properly compensate plaintiff.  Such conduct of defendant constituted a violation of the FLSA, as well as a willful and intentional violation thereof.

24. As a result of defendant's violation of the FLSA, plaintiff has been denied compensation for his labor at the legally required rate.

25. Moreover, plaintiff has had to retain an attorney in order to collect the wages owed to him by defendant.

WHEREFORE, plaintiff demands judgment against defendant for all unpaid wages, an additional amount as liquidated damages, interest (including pre-judgment interest), costs, attorneys' fees, and any other relief to which he may be entitled.

### *V.  Count II -- Violation of the Fair Labor Standards Act*
### *(Overtime Compensation)*

26.     Plaintiff realleges and incorporates herein paragraphs 1 through 17, and 19, above.

27.     Throughout plaintiff's employment with defendant, defendant was fully aware of the FLSA and the obligations imposed by it to pay overtime compensation.

28.     Nevertheless, defendant willfully and intentionally failed and refused to properly compensate plaintiff and pay him overtime wages.  Such conduct of defendant constituted a violation of the FLSA, as well as a willful and intentional violation thereof.

29.     As a result of defendant's violation of the FLSA, plaintiff has been denied compensation for his labor at the legally required rate.

30.     Moreover, plaintiff has had to retain an attorney in order to collect the wages owed to him by defendant.

WHEREFORE, plaintiff demands judgment against defendant for all unpaid overtime compensation, an additional equal amount as liquidated damages, interest (including pre-judgment interest), costs, attorneys' fees, and any other relief to which he may be entitled.

### *VI. Count III -- Retaliation Under the Fair Labor Standards Act*

31.     Plaintiff realleges and incorporates herein paragraphs 1 through 19, above.

32.     A determinative factor in defendant's decision to terminate plaintiff was the fact that he objected to and complained of defendant's pay practices, which were unlawful and violative of the FLSA.

33.     The foregoing facts and circumstances demonstrate that defendant violated the FLSA, which precludes employers from discharging or discriminating against any employee in retaliation for complaints under that Act.

34.     The defendant knew or should have known that the above-referenced actions were discriminatory, and that such actions violated the FLSA.  Nevertheless, defendant acted willfully, intentionally, and in reckless disregard for the rights of plaintiff.

35.     As a direct and proximate result of the actions of defendant, plaintiff has suffered mental anguish, physical discomfort, pain and suffering, humiliation, and embarrassment.  Furthermore, he has or will suffer lost wages.  Moreover, he suffered a diminished ability to earn a living, and a diminished capacity to enjoy his life.  Additionally, plaintiff may have to incur expenses for medical, psychiatric, and/or psychological counseling and care.  Plaintiff's damages have been experienced in the past, and they will continue into the future.

36.     Plaintiff has been required to hire an attorney to assert his claims and protect his rights.

WHEREFORE, plaintiff demands back pay, liquidated damages, damage for humiliation, loss of capacity to enjoy life, mental and emotional distress, physical discomfort, compensatory damages, interest -- including prejudgment interest, lost wages, costs and attorneys' fees, and such other relief as this Court deems appropriate.

### VII.  Count IV -- Unpaid Wages

37.     Plaintiff realleges and incorporates herein paragraphs 1 through 17, and 19, above.

38. Defendant promised to pay plaintiff for his services at the rate of $9.00 per hour for the first 40 hours he worked each week, and $13.50 per hour for overtime hours.

39. By failing to pay plaintiff for the work he was performing prior to arriving at designated work sites, while traveling to and from designated work sites, and work performed after departing designated work sites, defendant failed to compensate plaintiff as they had agreed.

40. Moreover, by failing to compensate plaintiff $9.00 per hour for the first 40 hours he worked each week and $13.50 for each overtime hour he worked, defendant failed to compensate plaintiff as they had agreed.

41. Plaintiff has been required to retain an attorney to assist him with obtaining the wages which are owed to him.

WHEREFORE, plaintiff demands judgment against defendant for unpaid wages, interest (including pre-judgment interest), costs, attorneys' fees, and any other relief to which he may be entitled.

***Plaintiff demands a jury trial on all issues contained in this Initial Complaint which are so triable.***

Respectfully submitted,

s/Bradley S. Odom
Bradley S. Odom, Esq.
Florida Bar Number:  932868
Richard D. Barlow, Esq.
Florida Bar Number:  0425176
ODOM & BARLOW, P.A.
1800 North "E" Street
Pensacola, Florida  32501
(850) 434-3527
Attorneys for Plaintiff