UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

CHRISTOPHER A. SHOLLY

      Plaintiff,

vs.                               CASE NO.: 3:15-cv-00306-MCR/CJK

MASTER INSULATION, INC.,

      Defendant.

## ANSWER AND AFFIRMATIVE DEFENSES

COMES NOW, MASTER INSULATION, INC. ("Defendant"), by and through its undersigned counsel, and hereby files its Answer to Christopher A. Sholly's ("Sholly") Complaint and states as follows:

### JURISDICTION AND VENUE

1. Admitted that Sholly has alleged a cause of action pursuant to the Fair Labor Standards Act, 28 U.S.C. § 1331. Denied that Defendant has violated the Fair Labor Standards Act.

2. Admitted that venue is proper with this District. Denied that Sholly has a viable cause of action.

### PARTIES

3. Admitted that Sholly was employed by Defendant and that Defendant's principal place of business is in Escambia County. Otherwise, denied.

4. Admitted.

5. Admitted.

## FACTUAL ALLEGATIONS

6. Admitted.

7. Admitted.

8. Denied.

9. Admitted.

10. Admitted.

11. Admitted.

12. Admitted.

13. Admitted.

14. Denied.

15. Denied.

16. Denied.

17. Denied.

18. Denied.

19. Admitted. Plaintiff was terminated on or about June 25, 2015 for legitimate business reasons.

## COUNT I – VIOLATION OF FAIR LABOR STANDARDS ACT
### (Minimum Wage)

20. Defendant re-alleges and incorporates by reference, Paragraphs 1-15 and 19.

21. Denied.

22. Admitted.

23. Denied.

24. Denied.

25. Denied.

WHEREFORE, Defendant requests this Court deny the relief sought by Sholly.

## COUNT II – VIOLATION OF FAIR LABOR STANDARDS ACT
### (Overtime Compensation)

26. Defendant re-alleges and incorporates by reference, Paragraphs 1-17 and 19.

27. Admitted.

28. Denied.

29. Denied.

30. Denied.

WHEREFORE, Defendant requests this Court deny the relief sought by Sholly.

## COUNT III – RETALIATION UNDER THE FAIR LABOR STANDARDS ACT

31. Defendant re-alleges and incorporates by reference, Paragraphs 1- 19.

32. Denied.

33. Denied.

34. Denied.

35. Denied.

36. Denied.

WHEREFORE, Defendant requests this Court deny the relief sought by Sholly.

## COUNT IV – UNPAID WAGES

37. Defendants re-allege and incorporate by reference, Paragraphs 1-17 and 19.

38. Admitted that Plaintiffs rate of pay was $9.00 per hour and that the overtime rate would be one and one-half times that amount. Otherwise, denied.

39. Denied.

40. Denied.

41. Denied.

WHEREFORE, Defendant requests this Court deny the relief sought by Sholly.

## PRAYER FOR RELIEF

Defendant denies that Sholly is entitled to general and compensatory damages, liquidated damages, prejudgment interest, attorney's fees and costs, or any other and further relief requested in the Prayer for Relief following Count I of his Complaint.

## AFFIRMATIVE DEFENSES

Defendant asserts the following affirmative defenses to the Complaint.

### First Affirmative Defense

Sholly's Complaint fails to state a claim upon which relief may be granted.

### Second Affirmative Defense

Sholly's claims are barred, in whole or in part, by Sholly's failure to mitigate his damages, if any.

### Third Affirmative Defense

Any claim for damages is limited to those damages recoverable pursuant to applicable law.

### Fourth Affirmative Defense

Sholly's alleged claims are barred, in whole or in part, under 29 U.S.C. § 259 because Defendant has at all times acted in good faith in conformity with and in reliance on the applicable administrative regulations, orders, rulings, approvals, opinions and interpretations,

and on the applicable administrative practices and enforcement policies under the Fair Labor Standards Act.

**Fifth Affirmative Defense**

Some or all of Sholly's claims are barred by virtue of his failure to notify Defendant of overtime hours worked, or in the alternative, some or all of Sholly's claims are barred due to his deliberate conduct preventing Defendant from learning of his overtime.

**Sixth Affirmative Defense**

Assuming, arguendo, that Sholly shows that any violation of the Fair Labor Standards Act occurred, *no such violation was willful*, and accordingly Sholly's remedies, if any, are limited.

**Seventh Affirmative Defense**

Sholly is not entitled to recover any overtime compensation for any time period within the applicable statute of limitations that he was not employed by or did not perform any work for Defendant. Furthermore, Sholly's claims are barred, in whole or in part, by the applicable statute of limitations under the Fair Labor Standards Act. Sholly is unable to make a showing of willful conduct by Defendant that would allow his claims to reach beyond the applicable statute of limitations.

**Eighth Affirmative Defense**

Sholly was compensated in accordance with law for all compensable hours worked. Therefore, Sholly's claims are barred because Sholly has received all compensation to which he was entitled under the Fair Labor Standards Act and otherwise.

**Ninth Affirmative Defense**

Sholly's alleged claims are barred, in whole or in part, by the doctrines of estoppel and/or waiver.

**Tenth Affirmative Defense**

Sholly is not entitled to liquidated damages because any alleged acts or omissions of Defendant were undertaken or made in good faith, and Defendant had reasonable grounds for believing that its acts or omissions did not violate the FLSA.

**Eleventh Affirmative Defense**

Defendant's alleged acts or omissions were in good faith based upon a reasonable belief that it was not in violation of the law.

**Twelfth Affirmative Defense**

To the extent that Sholly's damages were caused or exacerbated by his own actions or failure to act, he is barred from recovering for said damages against Defendant.

**Thirteenth Affirmative Defense**

Sholly, during his employment, was responsible for keeping records of his hours worked and was fully informed of the hours for which he was compensated. Sholly never raised the matter of hours allegedly worked in excess of forty hours in a work week, or of statutory compensation with Defendant. Defendant at no time instructed Sholly to neglect or to falsify time records or condoned any such practice, nor did they have any reason to believe that Sholly worked hours other than the hours he reported. For these reasons, Sholly is estopped to claim that he, at any time during his employment, was not paid for each hour he worked, including overtime, and that he was not compensated consistent with his time records.

## JURY TRIAL DEMAND

Defendant requests a jury trial on all issues so triable.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 5th of August, 2015, a true and correct copy of the foregoing Answer and Affirmative Defenses was electronically filed with the Clerk of Court using CM/ECF, which will send electronic notice to:

Bradley S. Odom
Richard D. Barlow
Odom & Barlow, PA
1800 North E Street
Pensacola, FL 3251
*Counsel for Plaintiff*

EMMANUEL, SHEPPARD & CONDON

 */s/ Joseph Passeretti*
Joseph Passeretti
Florida Bar No. 860751
*jap@esclaw.com*
30 South Spring Street
Pensacola, FL  32502
Tel.:  (850) 433-6581; Fax:  (850) 434-5856
Attorneys for Defendant